CAMPBELL, Judge.
Appellants, Pinellas County and the Pi-nellas County Planning Council (PPC), seek review of the order dismissing their second amended complaint.
The primary issue on appeal is whether appellants alleged sufficient facts to support their claim that a county-wide development plan was binding on appellee, the City of Gulfport, pursuant to the Local Government Comprehensive Planning Act, sections 163.3161-163.3211, Florida Statutes (1981) (hereinafter LGCPA), and chapter 73-594 as amended by chapter 74-584, Laws of Florida (hereinafter chapter 73-594).
This case involves a development known as the Pasadena Yacht and County Club (PYCC), built by the second appellee, United States Steel Corporation. When PYCC was originally proposed, the property to be developed was unincorporated. The county plan allowed for a density of 977 units on the property. The master plan for PYCC called for a density of 2400 units. The City of Gulfport (Gulfport) annexed the property in December of 1982. The property was then rezoned by Gulfport. 8.80 acres were designated “CR-1” and 327.99 acres were designated as a Planned Unit Development (“P.U.D.”), pursuant to City of Gulfport ordinances 82-9 and 82-10. PYCC’s 2400 unit development was also incorporated into ordinance 82-10.
Appellants filed suit for declaratory and injunctive relief. In Count I of their second amended complaint, Pinellas County alleged that Gulfport is “precluded from enacting land development regulations or taking action in regard to development orders which are not consistent with the lawfully and properly adopted comprehensive plan by Section 163.3194, Florida Statutes.” Pinellas County has alleged that under section 171.062, Florida Statutes (1981), the county had the right to approve zoning changes for two years after annexation .of the property by the municipality.
*438 In Count II, the PPC alleged that the development activities of appellees required express approval from the PPC because the property at issue was part of the countywide land use plan under chapter 73-594, Laws of Florida.
The trial court dismissed the second amended complaint on the basis that “under the law and ordinances which form the basis for Plaintiffs’ [appellants] complaint, there is no controversy requiring resolution by the Court.”
To determine whether the allegations are sufficient to support appellants’ complaint, we must examine chapters 163 and 171, Florida Statutes, and chapter 73-594, Laws of Florida. In particular, we must determine whether appellants have sufficiently alleged the existence of a county plan which could bind Gulfport.
The LGCPA (sections 163.3161-163.3211) provides for adoption of a comprehensive plan by a county, by a municipality, or by both entities acting together. § 163.3171, Fla.Stat. (1981). Unless the municipalities and county combine so as to jointly exercise their powers under the LGCPA, the county controls only the unincorporated areas and the municipality controls only the land incorporated into the municipality. See § 163.3171(1)(2) and (3).
Thus, it appears that under the LGCPA, an allegation that Gulfport and Pinellas County acted together to adopt the county plan is necessary to support a claim that the Pinellas County land use plan controlled the City of Gulfport.
In paragraph sixteen of the second amended complaint, Pinellas County alleged that “prior to annexation by the City, and after extensive public hearing, the Pi-nellas County Board of County Commissioners lawfully and properly adopted planning and zoning and approved related site-plan requirements establishing maximum density at a unit count of 977 units on the property referred to in the above-referenced ordinances 82-9 and 82-10.”
We find that because there is no allegation of joint action between the municipality and the county, the claim for relief under LGCPA cannot be supported.
The PPC bases its claim on chapter 73-594. Under chapter 73-594, the PPC is authorized to propose a county-wide comprehensive plan. The PPC is given extensive powers under section five of chapter 73-594, but. the PPC does not have independent authority to establish zoning codes which would be binding within the municipalities in Pinellas County. The county plan proposed by the PPC may become binding upon a municipality when it is approved and adopted by all the units of local government pursuant to section nine of chapter 73-594. Here, the PPC merely alleges in paragraphs sixteen and thirty-four, that the county adopted a comprehensive plan and an overall development policy. There is no allegation that the units of local government have approved and adopted this plan. Therefore, the PPC’s allegations do not indicate that the planning documents could have any effect in the City of Gulfport. The claims for relief against appellees’ development plans based on an alleged violation of the PPC’s plan cannot stand.
Appellants maintain that under section 171.062, Florida Statutes, a municipality is precluded from increasing or decreasing the density allowed by a county for two years after annexation. Appellants contend that Gulfport violated this section by rezoning the property where PYCC is to be built. We note that ordinance 82-10 zoned 327.99 acres as a “P.U.D.” City of Gulf-port ordinance 82-3 controls “P.U.D.s” and provides, as does section 171.062, that absent county approval, the city shall not increase or decrease the density of annexed property for two years after annexation. We believe, therefore, that ordinances 82-3 and 82-10, read together, comply with the provisions of section 171.062.
For these reasons, we find that the second amended complaint does not allege sufficient facts to survive the motion to dismiss. Accordingly, we affirm the decision *439 of the trial court dismissing the second amended complaint.
DANAHY, A.C.J., and LEHAN, J., concur.